# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FT WORTH DIVISION

--------------------------------------------------------------------x

Cauzell Tillotson

                    Plaintiff,                          **C.A. No.:** 4:21-cv-98



           -against-                                    **DEMAND FOR JURY TRIAL**

  Equifax Information Services, LLC,
  TransUnion, LLC,
  Acceptance Now,
  Pennsylvania Higher Education Assistance Agency
  d/b/a Fedloan Servicing,

                    Defendant(s).
--------------------------------------------------------------------x

## COMPLAINT

Plaintiff Cauzell Tillotson ("Plaintiff"), by and through his attorneys, and as for his

Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant

TransUnion, LLC ("Transunion"), Defendant Pennsylvania Higher Education Assistance Agency

d/b/a Fedloan Servicing ("Fedloan"), and Defendant Acceptance Now ("Acceptance")

respectfully sets forth, complains, and alleges, upon information and belief, the following:


## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

   U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Texas, Tarrant County, residing at 528 Drift Street, Crowley, TX, 76036.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Texas, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E 7th Street, Ste 620, Austin, TX, 78701.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Texas, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 701 Brazos Street, Suite 1050, Austin TX, 78701.

10. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with service upon the CT Corporation System, its registered agent for service of process at 1999 Bryan St, #900, Dallas, TX 75201.

13. Defendant Acceptance Now is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address at 5501 Headquarters Drive, Plano, TX 75024.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

<u>Acceptance Now Dispute and Violation</u>

15. On information and belief, on a date better known to Defendant TransUnion, TransUnion prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to an Acceptance account, (account 001028XXXX).

16. The inaccurate information furnished by Defendant Acceptance and published by TransUnion is inaccurate since the account contains an incorrect payment status.

17. Specifically, TransUnion reports the payment status on this tradeline as "30 days past due". To the contrary, this tradeline was paid and closed many years ago. Therefore, the payment status cannot be listed as 30 days past due.

18. The pay status is of significance. Listing a debt with a $0 balance owed, as 30 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance.  By continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

19. TransUnion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

20. Plaintiff notified TransUnion that he disputed the accuracy of the information TransUnion was reporting, on or around June 16, 2020, specifically stating in a letter sent to Trans Union that he was disputing the reporting of the Acceptance tradeline.

21. It is believed and therefore averred that TransUnion notified Defendant Acceptance of the Plaintiff's dispute.

22. Upon receipt of the dispute of the account from Plaintiff by TransUnion, Acceptance failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account.

23. Had Acceptance done a reasonable investigation, it would have been revealed to Acceptance that the payment status was being inaccurately reported.

24. Despite the dispute by Plaintiff that the information on him consumer report was inaccurate with respect to the disputed account, TransUnion did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

25. TransUnion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

26. Had TransUnion done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to TransUnion that the payment status was being reported inaccurately.

27. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

28. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

29. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

### Fedloan Dispute and Violation

30. On information and belief, on a date better known to Defendants Equifax and Trans Union hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to three of Plaintiff's Fedloan accounts that were closed.

31. The inaccurate information furnished by Defendant Fedloan and published by the Bureaus is inaccurate since the accounts contains an incorrect payment status.

32. Specifically, the Bureaus report the payment status on the tradelines as "120 days past due". To the contrary, the tradelines were closed many year ago and have a zero balance. Therefore, the payment status cannot be listed as 120 days past due.

33. The pay status is of significance. Listing a debt with a $0 balance owed, as 120 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance.  By continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

34. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

35. Plaintiff notified the Bureaus that he disputed the accuracy of the information the Bureaus were reporting, on or around June 16, 2020, specifically stating in separate

letters sent to each bureau that he was disputing the reporting of these Fedloan tradelines.

36. It is believed and therefore averred that the Bureaus notified Defendant Fedloan of the Plaintiff's disputes.

37. Upon receipt of the dispute of the account from Plaintiff by the Bureaus, Fedloan failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed accounts.

38. Had Fedloan done a reasonable investigation, it would have been revealed to Fedloan that the payment status was being inaccurately reported.

39. Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts were inaccurate.

40. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

41. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the payment status was being reported inaccurately.

42. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

43. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

44. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

47. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

48. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

49. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Equifax)**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

54. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

55. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

56. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### **THIRD CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Transunion)**

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

61. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

62. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason
    to believe was inaccurate before including it in the credit report of the
    consumer.

63. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered
    damage by loss of credit, loss of ability to purchase and benefit from credit, and the
    mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Transunion was willful rendering Transunion liable
    for actual, statutory and punitive damages in an amount to be determined by a Judge/ and
    or Jury pursuant to 15 U.S.C. § 1681n.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion
    in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor
against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant
to 15 U.S.C. § 1681n.

## FOUTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
    though fully stated herein with the same force and effect as if the same were set forth at
    length herein.

67. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681
    *et seq*.

68. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from
    the credit file of the Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

69. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Acceptance)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

76. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

78. The Defendant Acceptance violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

79. Specifically, Defendant Acceptance continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate and materially misleading account information.

80. Had Acceptance done a reasonable investigation, it would have been revealed to Acceptance that the payment status was being inaccurately reported.

81. As a result of the conduct, action and inaction of the Defendant Acceptance, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

82. The conduct, action and inaction of Defendant Acceptance was willful, rendering Defendant Acceptance liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor against Defendant Acceptance for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Acceptance)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

86. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

87. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

88. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

89. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

90. Defendant Acceptance is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

91. After receiving notice of Plaintiff's dispute, Defendant Acceptance negligently failed to conduct its reinvestigation in good faith.

92. A reasonable investigation would require a furnisher such as Defendant Acceptance to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

93. Had Acceptance done a reasonable investigation, it would have been revealed to Acceptance that the payment status was being inaccurately reported.

94. The conduct, action and inaction of Defendant Acceptance was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

95. As a result of the conduct, action and inaction of the Defendant Acceptance, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

96. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor against Defendant Acceptance, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant Fedloan)

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

99. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

100. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

101. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

102. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

103. The Defendant Fedloan violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review

all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

104.     Specifically, the Defendant Fedloan continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate and materially misleading account information.

105.     Had Fedloan done a reasonable investigation, it would have been revealed to Fedloan that the payment status was being inaccurately reported.

106.     As a result of the conduct, action and inaction of the Defendant Fedloan, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

107.     The conduct, action and inaction of Defendant Fedloan was willful, rendering Defendant Fedloan liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

108.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Fedloan in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor against Defendant Fedloan for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **EIGHTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Defendant Fedloan)**

109.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

110.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

111.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

112.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

113.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

114.     Defendant Fedloan is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

115.     After receiving the Dispute Notices from Transunion and Equifax, Defendant Fedloan negligently failed to conduct its reinvestigation in good faith.

116.     Had Fedloan done a reasonable investigation, it would have been revealed to Fedloan that the payment status was being inaccurately reported.

117.    A reasonable investigation would require a furnisher such as Defendant Fedloan to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

118.    The conduct, action and inaction of Defendant Fedloan was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

119.    As a result of the conduct, action and inaction of the Defendant Fedloan, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

120.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Fedloan in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Cauzell Tillotson, an individual, demands judgment in his favor against Defendant Fedloan, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

121.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.


Dated:  January 29, 2021

<div style="margin-left:40%">

/s/Yaakov Saks

**Stein Saks, PLLC**
By:  Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com
Pro Hac Vice Pending.

</div>