IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAUZELL TILLOTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00098-P |
| | § | |
| EQUIFAX INFORMATION SERVICES, LLC et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Cauzell Tillotson's counsel, Yaakov Saks's application for admission *pro hac vice*. ECF No. 3. Having considered the application, the Court finds that it should be and hereby is **DENIED.**

Local Rule 83.9(a) allows a licensed attorney who is not admitted to practice in the Northern District of Texas to represent a party in proceedings in this court only by permission of the presiding judge. *See* N.D. TEX. L.R. 83.9(a). Subsection (b) allows a nonadmitted attorney to apply for admission *pro hac vice*. N.D. TEX. L.R. 83.9(b).

Although federal courts commonly permit out-of-state lawyers to appear *pro hac vice*, such practice is guaranteed neither by statute nor by the Constitution. *See e.g.*, *Leis v. Flynt*, 439 U.S. 438, 443 (per curiam) ("The Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another."), *reh'g denied*, 441 U.S. 956 (1979). *Pro hac vice* literally means "[f]or this occasion or particular purpose." *Pro hac vice*, BLACK'S LAW DICTIONARY (11th ed. 2019).

"An admission *pro hac vice*, therefore, means that a lawyer has been admitted to practice in a jurisdiction for a particular case only." *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459 (M.D. Ala. 1997) (internal quotation marks omitted). Accordingly, "[a]dmission *pro hac vice* is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis." *Mateo v. Empire Gas Co.*, 841 F. Supp. 2d 574, 579 (D.P.R. 2012) (citation and internal quotation marks omitted); *see also Frazier v. Heebe*, 482 U.S. 641, 647 (1987) (characterizing attorneys appearing *pro hac vice* as "one-time or occasional practitioners").

A CM/ECF query reveals that Mr. Saks currently has four other cases pending in this Court, all of which have been filed within the last 7 months. In the undersigned's view, this makes Mr. Saks a frequent practitioner such that *pro hac vice* admission is no longer appropriate. *See Mateo*, 841 F. Supp. 2d at 581 (holding applicant's four appearances in previous year supported denial of *pro hac vice* application because applicant was not "occasional" practitioner). Accordingly, Mr. Saks's application for admission *pro hac vice* (ECF No. 3) should be and hereby is **DENIED.**

Within fourteen days of this order, Mr. Saks shall file an application to be admitted to practice in this Court or Plaintiff shall designate counsel that is admitted to practice in this Court or this case may be dismissed without prejudice.

**SO ORDERED** on this **29th day** of **January, 2021.**

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE