IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAUZELL TILLOTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00098-P |
| | § | |
| EQUIFAX INFORMATION SERVICES, LLC et al, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Reinstatement. ECF No. 12 ("Motion"). Having considered the Motion, applicable caselaw, and docket entries, the Court finds that the Motion should be and is hereby **DENIED.**

## BACKGROUND

Plaintiff filed his Complaint on January 29, 2021, alleging, *inter alia*, violations of the Fair Credit Reporting Act. ECF No. 1. That same day, Plaintiff's only counsel of record, Yaakov Saks, filed an application for admission *pro hac vice*. ECF No. 3.[1] Also, on January 29, 2021, the Court entered an order denying Mr. Saks's application for admission *pro hac vice* and explained that admission *pro hac vice* is "temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis." ECF No. 6 (quoting *Mateo v. Empire Gas Co.*, 841 F. Supp. 2d 574, 579 (D.P.R. 2012)). The Court determined

---

[1] Plaintiff was notified later that day via ECF that attorneys must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of the case without prejudice or without further notice. ECF No. 4.

Mr. Saks is a frequent practitioner, noting that at the time of the order, Mr. Saks had four other cases pending in this Court which had all been filed within 7 months of the order. *Id*. The Court further ordered that within fourteen days of the order, Mr. Saks file an application to be admitted to practice in this Court or Plaintiff shall designate counsel that is admitted to practice in this Court, and that failure to comply could result in dismissal without prejudice. *Id*. Mr. Saks and Plaintiff failed to comply with this Court's order, the case was dismissed without prejudice, and a final judgment was entered on February 22, 2021—24 days after the Court's order. ECF Nos. 9, 10. The day after the case was dismissed, New Jersey attorney Raphael Deutsch—an attorney admitted to practice in the Northern District of Texas—filed a notice of appearance on Plaintiff's behalf. ECF No. 11. Plaintiff filed his Motion for Reinstatement the same day Mr. Deutsch made his appearance.

## LEGAL STANDARD

Plaintiff failed to provide a standard that the Court should apply to the Motion. Therefore, the Court will construe Plaintiff's Motion as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Fifth Circuit reviews a district court's denial of relief under Rule 60(b) for abuse of discretion. *Long v. James*, 667 F. App'x 862, 863 (5th Cir. 2016) (citing *United States v. Fernandez*, 797 F.3d 315, 318 (5th Cir. 2015)). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Fernandez*, 797 F.3d at 318 (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). Rule 60(b)(1) provides relief for a party that has failed to "timely answer or otherwise defend" if the party demonstrates that its failure (1) "resulted from justifiable neglect" and (2) "that a fair probability of success on the merits existed if the judgment were to be set aside." *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988). Rule 60(b)(6) is a catch-all provision that provides relief for "any other reason" but is only granted "if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002) (quoting *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

Although Rule 60(b)(1) provides relief for "excusable neglect," this does not encompass mistakes resulting from the "[g]ross carelessness" of counsel or counsel's failure to act with diligence. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2858 (3d ed. 2016) ("Insufficient showings for relief [under Rule 60(b)(1) ] . . . include when the party or attorney did not act diligently to discover the purported mistake . . . .")). "A party has a duty of diligence to inquire about the status of a case . . . ." *Bohlin*, 6 F.3d at 357.

## ANALYSIS

In his Motion—which is unverified and unsupported by affidavit—Plaintiff seeks to have his case reinstated on this Court's active docket. Motion at 3. Plaintiff argues Mr.

Deutsch's late designation was due to a delay in confirmation of Mr. Deutsch's admission to the Northern District of Texas. *Id.* at ¶ 7. Yet at no point prior to the dismissal of Plaintiff's case did Plaintiff notify the Court of this situation. Plaintiff simply waited until after the case was closed to designate Mr. Deutsch. Plaintiff does not contend that he will lose any substantive right or that his suit would be barred by limitations if he had to refile it. Plaintiff claims he will be prejudiced for the sole reason that he would be forced to pay another $400.00 filing fee and any additional fees associated with re-serving Defendants.[2] *Id.* at ¶ 9. The Court finds Plaintiff's alleged prejudice insufficient under Rule 60(b).

Additionally, even after designating Mr. Deutsch, the Court notes that Plaintiff is still not in compliance with Local Rule 83.10(a) requiring local counsel where counsel of record for a party does not reside in this district or maintain their principal office in this district. N.D. TEX. R. 83.10(a). "Local counsel" means a member of the bar of this court who resides or maintain their principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the Fort Worth Division. *Id.*; *see United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based

---

[2]This contention is wholly without merit pursuant to the spirit, if not the letter, of the rules of ethics governing practice in this district and division. An attorney should instinctively understand that these incurred fees were due to the attorney's oversight and they should not be billed to the client, but absorbed by the attorney and their firm. *See generally Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc); *cf.* SAMUEL BUTLER, WEBSTER'S BOOK OF QUOTATIONS 143 (3d ed. 1992) ("In law, nothing is certain but the expense."); ANTHONY TROLLOPE, JOHN BARTLETT, FAMILIAR QUOTATIONS 555:3 (15th ed. 1980) ("Always remember that when you go into an attorney's office door, you will have to pay for it, first or last.").

attorney to designate local counsel). Plaintiff failed to comply with Local Rule 83.10(a) despite notification of this requirement. ECF No. 4.[3]

For these reasons, the Court finds that the Motion should be and is hereby **DENIED.**

**SO ORDERED** on this **26th day** of **February, 2021.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[3]Indeed, Plaintiff's counsel's conduct during the brief course of this lawsuit demonstrates the very reason why Local Rule 83.10(a) requires the designation of local counsel. Had counsel merely engaged an attorney from this district and division upon filing this lawsuit, it is highly likely that the problems described in this order could have been avoided. The Fort Worth Division of the Northern District of Texas is home to a vibrant legal community and thousands of competent lawyers that understand the practices, judges, and juries of this Court.